## R. L. ROACH V. THE STATE.

No. 10154. Delivered May 5, 1926.

1.—Transporting Intoxicating Liquor—Bills of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the testimony of officers received on the trial, for the reason that such officers had not obtained search warrant, and the evidence was illegally obtained, and no facts are set out in the bill verifying the truthfulness of such objection, the bill is incomplete and presents no error.

2.—Same—Bill of Exceptions—Qualified by Court—No Error Presented.

Where appellant complains of the reception of testimony of officers who searched his premises the day after his arrest, and found there a barrel of mash, and found mash in an old well, and when it was made known to the court that the search warrant under which the evidence was admitted was invalid the court instructed the jury not to consider such testimony, no error is presented.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Angelina County of transporting intoxicating liquor, punishment fixed at one year in the penitentiary.

Under the State's testimony appellant was coming down the road carrying a couple of quarts of liquor when he observed the officers approaching and took same out of his pocket and began pouring the liquor from the bottles. The officers took it away from him, arrested him and his trial and conviction followed. The defense theory seems to be that appellant was transporting the liquor for medicinal purposes, and this was submitted to the jury in a manner acceptable to the appellant.

The first bill of exceptions sets up that appellant objected to certain testimony for the reason that the officers had not obtained a search warrant and the evidence was illegally obtained. There are no facts set out in the bill verifying the

truthfulness of such objection. In the absence of such showing the bill does not present any error. This same defect appears in bill of exceptions No. 2.

It appears from bills of exception Nos. 3 and 4 that the State introduced a deputy sheriff in its rebuttal who testified to going to appellant's premises the next day after his arrest and finding there a barrel which had recently contained mash, fresh mash being found in an old well. There is nothing in either bill showing the objections to be based on facts save the qualification placed thereon by the court, and in same the learned trial judge states that the officer who searched the premises on this occasion testified that he had a search warrant, under which statement the evidence was admitted, but that later it developed that the search warrant was defective, and when this fact was made known to the court he instructed the jury not to consider the testimony. Neither bill as qualified shows any error.

The evidence seems to amply support the jury's conclusion that appellant transported the intoxicating liquor in question.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*